UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------X
                                :

K.L.C., INC., KEYSTONE LEASING          :
     Plaintiff                              :

- against -                          :      CIVIL NO. 303CV1043 SRU

                                  :
CYNTHIA TRAYNER                :
     Defendant                         :      OCTOBER 14, 2003
---------------------------------------------------------------X

## AFFIDAVIT RE: ATTORNEY'S FEES

STATE OF CONNECTICUT
                    ss. Danbury
COUNTY OF FAIRFIELD

     Personally appeared, Christopher G. Winans, of the City of Danbury, County of Fairfield, and State of Connecticut, who being duly sworn, deposes and says:

     1. I am over the age of eighteen years and believe in the obligation of an oath.

     2. I am a partner in the law firm representing the Plaintiff in the above-captioned matter, and as such am familiar with the billing of our clients, including the Plaintiff.

     3. Certain attorneys of this firm incurred 10 hours in the prosecution of this action against the Defendant, CYNTHIA TRAYNER.

4.  The legal fees incurred by the undersigned is $2,000 which represents 10 hours at $200.00 per hour.

_____
Christopher G. Winans

Subscribed and sworn to before me this 14th day of October, 2003.

_____
Maureen Crick Owen
Notary Public
Commission Expires 6/30/2004

## CERTIFICATION

I certify that a copy of the above was mailed October 14, 2003, to all counsel and pro se parties of record:

Cynthia Trayner
13 Westside Drive, Unit #94
North Grosvenordale, CT  06255

By_____
Christopher G. Winans

Platt Ass_____ ___al Estate Appraisers, LLC
Summary Appraisal Report

File No. 03-9415

## APPRAISAL OF



Condominium

## LOCATED AT:

Unit 94 Westside Drive
Thompson, CT  06277

## FOR:

Attorney Christopher Winans
24 Shelter Rock Rd.
Danbury, CT. 06810

## BORROWER:

Cynthia Trayner

## AS OF:

August 7, 2003

## BY:

Valerie Sandberg
RCG-769

423 Riverside Drive, P.O. Box 849, North Grosvenordale, CT  06255  (860)923-1151 Fax (860)923-1184

Platt Associates Real Estate Appraisers, LLC
Summary Appraisal Report

File No. 03-9415

August 11, 2003

Attorney Christopher Winans
24 Shelter Rock Rd.
Danbury, CT. 06810

File Number: 03-9415

In accordance with your request, I have personally inspected and appraised the real property at:

Unit 94 Westside Drive
Thompson, CT 06277

The purpose of this appraisal is to estimate the market value of the subject property, as improved. The property rights appraised are the fee simple interest in the site and improvements.

In my opinion, the estimated market value of the property as of   August 7, 2003        is:

$155,000
One Hundred Fifty-Five Thousand  Dollars

The attached report contains the description, analysis and supportive data for the conclusions, final estimate of value, descriptive photographs, limiting conditions and appropriate certifications.

Respectfully,

Valerie Sandberg
RCG-769

423 Riverside Drive, P.O. Box 849, North Grosvenordale, CT  06255  (860)923-1151 Fax (860)923-1184

Consair Appraisal Report

# UNIFORM RESIDENTIAL APPRAISAL REPORT   File No. 03-94

| | | | |
|---|---|---|---|
| **Property Address** Unit 94 Westside Drive | **City** Thompson | **State** CT | **Zip Code** 06277 |
| **Legal Description** Volume 323 Page 129 | | | **County** Windham |
| **Assessor's Parcel No.** 004763 | **Tax Year** 2002 | **R.E. Taxes $** 1,492.00 | **Special Assessments $** NA |

**Borrower** Cynthia Trayner  **Current Owner** Same  **Occupant:** [X] Owner  [ ] Tenant  [ ] Vacant

**Property rights appraised** [X] Fee Simple  [ ] Leasehold  **Project Type** [ ] PUD  [X] Condominium (HUD/VA only)  HOA$ _____ /Mo.

**Neighborhood or Project Name** Thompson Hills Condo Development  **Map Reference** 85-51-10C/Unit94  **Census Tract** 9002

**Sale Price $** NA  **Date of Sale** NA  **Description and $ amount of loan charges/concessions to be paid by seller** NA

**Lender/Client** Attorney Christopher Winans  **Address** 24 Shelter Rock Rd. Danbury, CT. 06810

**Appraiser** Valerie Sandberg  **Address** 423 Riverside Dr. P.O. Box 849 North Grosvendale, CT. 06255

| Location | | | | Predominant occupancy | Single family housing | | Present land use % | Land use change |
|---|---|---|---|---|---|---|---|---|
| **Location** | [ ] Urban | [X] Suburban | [ ] Rural | | PRICE $(000) | AGE (yrs) | One family 50% | [X] Not likely [ ] Likely |
| **Built up** | [X] Over 75% | [ ] 25-75% | [ ] Under 25% | [X] Owner | Low 120 | New | 2-4 family 10% | [ ] In process |
| **Growth rate** | [ ] Rapid | [X] Stable | [ ] Slow | [ ] Tenant | High 200 | 100+ | Multi-family 5% | To: |
| **Property values** | [X] Increasing | [ ] Stable | [ ] Declining | [X] Vacant (0-5%) | Predominant | | Commercial 5% | |
| **Demand/supply** | [X] Shortage | [ ] In balance | [ ] Over supply | [ ] Vacant (over 5%) | 125-175 | 20-40 | Vacant 30% | |
| **Marketing time** | [X] Under 3 mos. | [ ] 3-6 mos. | [ ] Over 6 mos. | | | | | |

**Note: Race and the racial composition of the neighborhood are not appraisal factors.**

**Neighborhood boundaries and characteristics:** The neighborhood is bound to its north by Route 200, to its south by Thompson and West Thompson Roads, east by Interstate 395, and to its west by Riverside Drive.

**Factors that affect the marketability of the properties in the neighborhood** (proximity to employment and amenities, employment stability, appeal to market, etc.): The property appraised is located in the southwestern quadrant of the Town of Thompson within the Village of Grosvenordale. Grosvenordale is one of 9 small mill type villages in the Town of Thompson. Many individuals living in Thompson have North Grosvenordale mailing addresses. The subject improvements are located within the Thompson Hills Condominium development. This project originated in the mid to late 1980's. The project includes a total of 42 living units which vary only modestly in size and style. The project is kept well and market appeal is considered to be good.

**Market conditions in the subject neighborhood** (including support for the above conclusions related to the trend of property values, demand/supply, and marketing time - - such as data on competitive properties for sale in the neighborhood, description of the prevalence of sales and financing concessions, etc.): Property values throughout the region appear to be rising modestly with local agents reporting that demand is very strong. Listings are limited and marketing periods of less than 3 months is commonplace. With interest rates averaging less than 7.0% for 30 year fixed rate mortgages, the current demand is expected to continue. Financing is readily available at local lending institutions with no expected changes occurring in upcoming months. FHA, CHFA & RD homebuyers continue to dominate the marketplace.

**Project Information for PUDs** (if applicable) - - Is the developer/builder in control of the Home Owners' Association (HOA)?  [ ] YES  [ ] NO

Approximate total number of units in the subject project _____  Approximate total number of units for sale in the subject project _____

Describe common elements and recreational facilities:

| | | | | |
|---|---|---|---|---|
| **Dimensions** NA | | | | |
| **Site area** NA | | **Corner Lot** [ ] Yes [X] No | **Topography** | Uneven |
| | | | **Size** | Adequate |
| **Specific zoning classification and description** Residential 20 | | | **Shape** | Irregular |
| **Zoning compliance** [ ] Legal [X] Legal nonconforming (Grandfathered use) [ ] Illegal [ ] No zoning | | | **Drainage** | Appears Adequate |
| **Highest & best use as improved:** [X] Present use [ ] Other use (explain) | | | **View** | Residential |

| Utilities | Public | Other | Off-site Improvements | Type | Public | Private | | |
|---|---|---|---|---|---|---|---|---|
| Electricity | [X] | | Street | Asphalt | [X] | | Landscaping | Adequate |
| Gas | [X] | | Curb/gutter | Concrete | [X] | | Driveway Surface | Asphalt |
| Water | [X] | | Sidewalk | None | | | Apparent easements | None noted |
| Sanitary sewer | [X] | | Street lights | Pole | [X] | | FEMA Special Flood Hazard Area [ ] Yes [X] No | |
| Storm sewer | [X] | | Alley | None | | | FEMA Zone _____ Map Date _____ | |
| | | | | | | | FEMA Map No. | |

**Comments** (apparent adverse easements, encroachments, special assessments, slide areas, illegal or legal nonconforming zoning, use, etc.): The condo project was a specially permitted use within this zone. The parcel provides ample onsite parking and an abundance of open space for use by occupants of the project. The development includes 42 living units with each occupant having 2 onsite parking spaces.

| GENERAL DESCRIPTION | EXTERIOR DESCRIPTION | FOUNDATION | BASEMENT | INSULATION |
|---|---|---|---|---|
| No. of Units 42 Total | Foundation P.Conc. | Slab No | Area Sq.Ft. 478 SF | Roof [ ] |
| No. of Stories 2 to 3 | Exterior Walls Wd.Clapbd. | Crawl Space No | % Finished 31% | Ceiling [X] |
| Type (Det./Att.) Detached | Roof Surface Asphalt | Basement Full Size | Ceiling Unknown | Walls [X] |
| Design (Style) Townhse. | Gutters & Dwnspts. Aluminum | Sump Pump Unknown | Walls Unknown | Floor [X] |
| Existing/Proposed Existing | Window Type Casement | Dampness Unknown | Floor Unknown | None [ ] |
| Age (Yrs.) 14 Yrs. | Storm/Screens Yes | Settlement Unknown | Outside Entry Walkout | Unknown [ ] |
| Effective Age (Yrs.) 10 Yrs. | Manufactured House No | Infestation Unknown | | |

| ROOMS | Foyer | Living | Dining | Kitchen | Den | Family Rm. | Rec. Rm. | Bedrooms | # Baths | Laundry | Other | Area Sq. Ft. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Basement | | | | | | | | | | | 1 | 150 |
| Level 1 | 1 | 1 | 1 | 1 | | | | | 0.50 | | | 758 |
| Level 2 | | | | | | | | 2 | 1 | | | 638 |

**Finished area above grade contains:** 5 Rooms;  2 Bedroom(s);  1.5 Bath(s);  1,396 Square Feet of Gross Living Area

| INTERIOR | Materials/Condition | HEATING | | KITCHEN EQUIP. | | ATTIC | | AMENITIES | | CAR STORAGE: | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Floors | Crpt./Tile/Average | Type | ELBB | Refrigerator | [X] | None | [X] | Fireplace(s) # _____ | [ ] | None | [ ] |
| Walls | Sheetrock/Average | Fuel | Electric | Range/Oven | [X] | Stairs | | Patio | [ ] | Garage 1 | # of cars |
| Trim/Finish | Wood/Average | Condition | Average | Disposal | [ ] | Drop Stair | | Deck 40 SF Deck | [X] | Attached | |
| Bath Floor | Vinyl or Tile/Avera. | COOLING | | Dishwasher | [X] | Scuttle | [X] | Porch 40 SF OP | [X] | Detached | |
| Bath Wainscot | Fiberglass/Avg. | Central | NA | Fan/Hood | [X] | Floor | | Fence | [ ] | Built-in | 1 Stall |
| Doors | Wood/Average | Other | | Microwave | [ ] | Heated | | Pool | [ ] | Carport | |
| | | Condition | | Washer/Dryer | [ ] | Finished | | | | Driveway | 2 Cars |

**Additional features** (special energy efficient items, etc.): According to town records, the subject unit includes a 40 square foot open porch, a 40 square foot wood deck, a built-in garage and a partially finished basement.

**Condition of the improvements, depreciation** (physical, functional, and external), repairs needed, quality of construction remodeling/additions, etc: The improvements were inspected from the exterior only. For the purposes of this report the condition of the unit will be rated as average.

**Adverse environmental conditions** (such as, but not limited to, hazardous wastes, toxic substances, etc.) present in the improvements, on the site, or in the immediate vicinity of the subject property: None noted

**UNIFORM RESIDENTIAL APPRAISAL REPORT**   File No. 03-

## COST APPROACH

| Valuation Section | | |
|---|---|---|
| ESTIMATED SITE VALUE . . . . . . . . . . . . . . . . . . . = $ | NA | Comments on Cost Approach (such as, source of cost estimate, |
| ESTIMATED REPRODUCTION COST-NEW-OF IMPROVEMENTS: | | site value, square foot calculation and for HUD, VA and FmHA, the |
| Dwelling  1,396  Sq. Ft. @ $ ___ = $ | 0 | estimated remaining economic life of the property): |
| Bsmt. 478  Sq. Ft. @ $ ___ = $ | 0 | The Cost Approach to value has not been used as access to |
| ___ Sq. Ft. @ $ ___ = | | the interior of the unit was not obtained. In addition, this |
| Garage/Carport ___ Sq. Ft. @ $ ___ = | 0 | approach is most applicable for newly constructed units. The |
| Total Estimated Cost New . . . . . . . . . . . = $ | 0 | subject unit is 14 yrs. old. |
| Less   Physical  Functional  External   Est. Remaining Econ. Life: -10 | | |
| Depreciation ___ = $ | 0 | |
| Depreciated Value of Improvements . . . . . . . . . . = $ | 0 | |
| "As-is" Value of Site Improvements . . . . . . . . . . = $ | | |
| INDICATED VALUE BY COST APPROACH . . . . . . . = $ | Not Used | |

## SALES COMPARISON ANALYSIS

| ITEM | SUBJECT | COMPARABLE NO. 1 | | COMPARABLE NO. 2 | | COMPARABLE NO. 3 | |
|---|---|---|---|---|---|---|---|
| Address | Unit 94 Westside Drive Thompson | 118 Westside Drive Thompson, CT. | | Unit 114 Westside Drive Thompson, CT. | | Unit 115 Westside Drive Thompson, CT | |
| Proximity to Subject | | Same Project | | Same Project | | Same Project | |
| Sales Price | $ NA | $ 151,000 | | $ 155,000 | | $ 155,000 | |
| Price/Gross Liv. Area | $ 0.00 ☑ | $ 108.17 ☑ | | $ 121.86 ☑ | | $ 108.85 ☑ | |
| Data and/or | Town Records | Town Records, MLS, Agent | | Town Records | | Town Records, Selling Agent | |
| Verification Sources | Exterior Inspect. | Exterior Inspection | | Exterior Inspection | | Exterior Inspection | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | + (-) $ Adjustment | DESCRIPTION | + (-) $ Adjustment | DESCRIPTION | + (-) $ Adjustment |
| Sales or Financing Concessions | NA | Conventional | | Conventional | | To Be Conv. | |
| Date of Sale/Time | NA | 6-2003 | | 6-2003 | | Closing Aug. 30 | |
| Location | NA | Suburban | | Suburban | | Suburban | |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | | Fee Simple | | Fee Simple | |
| Site | NA | NA | | NA | | NA | |
| View | Residential | Residential | | Residential | | Residential | |
| Design and Appeal | Townhse./Avg. | Townhse./Avg. | | Townhse./Avg. | | Townhse./Avg. | |
| Quality of Construction | Average | Average | | Average | | Average | |
| Age | 14 yrs. | 14 yrs. | | 14 yrs. | | 14 yrs. | |
| Condition | Average | Average | | Average | | Average | |
| Above Grade | Total 20 Bdrms 5 Baths 2 1.50 | Total Bdrms Baths 5 2 1.50 | | Total Bdrms Baths 5 2 1.50 | | Total Bdrms Baths 5 2 1.50 | |
| Room Count | | | | | | | |
| Gross Living Area | 1,396 Sq.Ft. | 1,396 Sq.Ft. | 0 | 1,272 Sq.Ft. | 2,500 | 1,424 Sq.Ft. | -600 |
| Basement & Finished | Basement | Basement | | Basement | | Basement | |
| Rooms Below Grade | Part Finished | Part Finished | | Part Finished | | Part Finished | |
| Functional Utility | Average | Average | | Average | | Average | |
| Heating/Cooling | ELBB/None | ELBB/None | | ELBB/None | | ELBB/None | |
| Energy Efficient Items | Typical | Typical | | Typical | | Typical | |
| Garage/Carport | 1 Car Bltin. | 1 Car Bltin. | | 1 Car Bltin. | | 1 Car Bltin. | |
| Porch, Patio, Deck, Fireplace(s), etc. | Porch,Deck None | Porch,Deck None | | Porch,Deck None | | Porch,Deck None | |
| Fence, Pool, etc. | | | | | | | |
| Net Adj. (total) | | ☑ + ☐ - | $ 0 | ☑ + ☐ - | $ 2,500 | ☐ + ☑ - | $ 600 |
| Adjusted Sales Price of Comparable | | Gross: 0.0% Net: 0.0% | $ 151,000 | Gross: 1.6% Net: 1.6% | $ 157,500 | Gross: 0.4% Net: -0.4% | $ 154,400 |

Comments on Sales Comparison (including the subject property's compatibility to the neighborhood, etc.):  Comparable sales data within the subject complex was readily available for review.  Two recent sales and a third pending sale have been used, as well as an older sale which has been adjusted upward for time.  The market for condo units in the Thompson area has escalated tremendously over the last few months time and premium prices are being obtained.  The sales and or pending sales were all nearly identical to the subject and were considered equal in all respects as the units were built in the same general time period.  These sales indicate a potential value range from $151,000 to $157,500.  Value has been placed at $155,000 with primary weight being allocated to Sale #3, a pending transaction.

| ITEM | SUBJECT | COMPARABLE NO. 1 | COMPARABLE NO. 2 | COMPARABLE NO. 3 |
|---|---|---|---|---|
| Date, Price and Data | None | None | None | None |
| Source for prior sales | NA | NA | NA | NA |
| within year of appraisal | Town Records | Town Records | Town Records | Town Records |

Analysis of any current agreement of sale, option, or listing of the subject property and analysis of any prior sales of subject and comparables within one year of the date of appraisal:  All sales are closed arms length transactions which have not transferred in the 36 month period prior to their current date of sale.  The subject has not transferred over the last 36 month period.

INDICATED VALUE BY SALES COMPARISON APPROACH . . . . . . . . . . . . . . . . . . . . . . . . . = $ 155,000

INDICATED VALUE BY INCOME APPROACH (If Applicable) Estimated Market Rent $ ___ /Mo. x Gross Rent Multiplier ___ = $ ___

## RECONCILIATION

This appraisal is made  ☑ "as is"  ☐ subject to the repairs, alterations, inspections or conditions listed below  ☐ subject to completion per plans and specifications.

Conditions of Appraisal:  Appraisal is made assuming there are no hidden legal, structural or environmental concerns which would adversely affect value.  Appraisal is subject to the enclosed certifications and limiting conditions.

Final Reconciliation: The Sales Comparison Approach is considered to be the only reliable means by which to determine market value. Appraisal is based on an exterior inspection of the improvements only.  Data regarding the subject and all sales was obtained from the local town records and the Northeast Multiple Listing Service.

The purpose of this appraisal is to estimate the market value of the real property that is the subject of this report, based on the above conditions and the certification, contingent and limiting conditions, and market value definition that are stated in the attached Freddie Mac Form 439/Fannie Mae Form 1004B (Revised  6/93 ).

I (WE) ESTIMATE THE MARKET VALUE, AS DEFINED, OF THE REAL PROPERTY THAT IS THE SUBJECT OF THIS REPORT, AS OF  August 7, 2003 (WHICH IS THE DATE OF INSPECTION AND THE EFFECTIVE DATE OF THIS REPORT) TO BE $  155,000

| APPRAISER: | SUPERVISORY APPRAISER (ONLY IF REQUIRED): | |
|---|---|---|
| Signature  _Valerie Sandberg_ | Signature | ☐ Did  ☐ Did Not |
| Name  Valerie Sandberg | Name | Inspect Property |
| Date Report Signed  8/13/03 | Date Report Signed | |
| State Certification #  RCG-769  State CT | State Certification # | State |
| Or State License # | Or State License # | State |

Produced using Pollard Digital Solutions software, 1-800-ALAMODE. www.alamode.com

Platt Associates

Condomin　　 Appraisal Report

**Supplemental Valuation Section**   **UNIFORM RES___ __AL APPRAISAL REPORT**   File No. 03-94-

| ITEM | SUBJECT | COMPARABLE NO. 4 | | COMPARABLE NO. 5 | | COMPARABLE NO. 6 | |
|---|---|---|---|---|---|---|---|
| Address | Unit 94 Westside Drive Thompson | Unit 8 Westside Drive Thompson, CT. | | | | | |
| Proximity to Subject | | Same Project | | | | | |
| Sales Price | $            NA | $            127,500 | | $ | | $ | |
| Price/Gross Liv. Area | $     0.00  ☑ | $     91.33  ☑ | | $         ☑ | | $        ☑ | |
| Data and/or Verification Sources | Town Records Exterior Inspect. | Town Records, MLS, Agent Exterior Inspection | | | | | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | + (-) $ Adjustment | DESCRIPTION | + (-) $ Adjustment | DESCRIPTION | + (-) $ Adjustment |
| Sales or Financing Concessions | NA | Conventional | | | | | |
| Date of Sale/Time | NA | 10-2002 | +25,500 | | | | |
| Location | Suburban | Suburban | | | | | |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | | | | | |
| Site | NA | NA | | | | | |
| View | Residential | Residential | | | | | |
| Design and Appeal | Townhse./Avg. | Townhse./Avg. | | | | | |
| Quality of Construction | Average | Average | | | | | |
| Age | 14 yrs. | 14 yrs. | | | | | |
| Condition | Average | Average | | | | | |
| Above Grade Room Count | Total 5 Bdrms 2 Baths 1.50 | Total 5 Bdrms 2 Baths 1.50 | | Total Bdrms Baths | | Total Bdrms Baths | |
| Gross Living Area | 1,396 Sq.Ft. | 1,396 Sq.Ft. | 0 | Sq.Ft. | | Sq.Ft. | |
| Basement & Finished Rooms Below Grade | Basement Part Finished | Basement Unfinished | +2,500 | | | | |
| Functional Utility | Average | Average | | | | | |
| Heating/Cooling | ELBB/None | ELBB/None | | | | | |
| Energy Efficient Items | Typical | Typical | | | | | |
| Garage/Carport | 1 Car Bltin. | 1 Car Bltin. | | | | | |
| Porch, Patio, Deck, Fireplace(s), etc. | Porch, Deck None | Porch, Deck None | | | | | |
| Fence, Pool, etc. | | | | | | | |
| Net Adj. (total) | | ☒ +  ☐ - | $     28,000 | ☐ +  ☐ - | $ | ☐ +  ☐ - | $ |
| Adjusted Sales Price of Comparable | | Gross: 22.0% Net: 22.0% | $    155,500 | Gross: Net: | $ | Gross: Net: | $ |

Comments on Sales Comparison (including the subject property's compatibility to the neighborhood, etc.):

| ITEM | SUBJECT | COMPARABLE NO. 4 | COMPARABLE NO. 5 | COMPARABLE NO. 6 |
|---|---|---|---|---|
| Date, Price and Data Source for prior sales within year of appraisal | None NA Town Records | None NA Town Records | | |

Analysis of any current agreement of sale, option, or listing of the subject property and analysis of any prior sales of subject and comparables within one year of the date of appraisal:

**LAND SKETCH**

| | |
|---|---|
| Borrower: Cynthia Trayner | |
| Property Address: Unit 94 Westside Drive | File No.: 03-9415 |
| City: Thompson | Case No.: |
| State: CT | |
| Lender: Attorney Christopher Winans | Zip: 06277 |



BUILDING SKETCH

| | |
|---|---|
| Borrower: Cynthia Trayner | File No.:  03-9415 |
| Property Address: Unit 94 Westside Drive | Case No.: |
| City: Thompson | State: CT          Zip: 06277 |
| Lender: Attorney Christopher Winans | |



LOCATION MAP OF SUBJECT AND ALL COMPARABLE SALES

| Borrower: Cynthia Trayner | | |
|---|---|---|
| Property Address: Unit 94 Westside Drive | File No.: 03-9415 | |
| City: Thompson | | Case No.: |
| Lender: Attorney Christopher Winans | State: CT | Zip: 06277 |



SUBJECT PROPERTY PHOTO ADDENDUM

| | | |
|---|---|---|
| Borrower: Cynthia Travers | | File No.: 03-046 |
| Property Address: Unit 94 Westside Drive | | Case No.: |
| City: Thompson | State: CT | Zip: 06277 |
| Lender: Attorney Christopher Winans | | |



**FRONT VIEW OF**
**SUBJECT PROPERTY**

Appraised Date: August 7, 2003
Appraised Value: $ 155,000



**REAR VIEW OF**
**SUBJECT PROPERTY**



**STREET SCENE**

SUBJECT PROPERTY PHOTO ADDENDUM

| | |
|---|---|
| Borrower: Cynthia Traverse | |
| Property Address: Unit 94 Westside Drive | |
| City: Thompson | State: CT | Zip: 06277 |
| Lender: Attorney Christopher Winans | Case No.: | File No.: 03-948 |



Subject Building #13
with Parking Area

Subject Unit is not visible in photo as it is
an end unit on the other end of the
building



View of the Complex Signage

Borrower: Cynthia Travers
Property Address: Unit 94 Westside Drive
City: Thompson State: CT Zip: 06277
Lender: Attorney Christopher Winans

File No.:
Case No.:



**COMPARABLE SALE #1**

118 Westside Drive
Thompson, CT.
Sale Date: 6-2003
Sale Price: $ 151,000



**COMPARABLE SALE #2**

Unit 114 Westside Drive
Thompson, CT.
Sale Date: 6-2003
Sale Price: $ 155,000



**COMPARABLE SALE #3**

Unit 115 Westside Drive
Thompson, CT
Sale Date: Closing Aug. 30
Sale Price: $ 155,000

# COMPARABLE PROPERTY PHOTO ADDENDUM

Borrower: Cynthia Traynor
Property Address: Unit 8 Westside Drive
City: Thompson
State: CT
Zip: 06277
Lender: Attorney Christopher Winans
File No.:
Case No.:



**COMPARABLE SALE #4**

Unit 8 Westside Drive
Thompson, CT.
Sale Date: 10-2002
Sale Price: $ 127,500

File No. 03-9415

**DEFINITION OF MARKET VALUE:**   The most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller, each acting prudently, knowledgeably and assuming the price is not affected by undue stimulus. Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby: (1) buyer and seller are typically motivated; (2) both parties are well informed or well advised, and each acting in what he considers his own best interest; (3) a reasonable time is allowed for exposure in the open market; (4) payment is made in terms of cash in U.S. dollars or in terms of financial arrangements comparable thereto; and (5) the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions* granted by anyone associated with the sale.

*Adjustments to the comparables must be made for special or creative financing or sales concessions.  No adjustments are necessary for those costs which are normally paid by sellers as a result of tradition or law in a market area; these costs are readily identifiable since the seller pays these costs in virtually all sales transactions.  Special or creative financing adjustments can be made to the comparable property by comparisons to financing terms offered by a third party institutional lender that is not already involved in the property or transaction.  Any adjustment should not be calculated on a mechanical dollar for dollar cost of the financing or concession but the dollar amount of any adjustment should approximate the market's reaction to the financing or concessions based on the Appraiser's judgment.

## STATEMENT OF LIMITING CONDITIONS AND APPRAISER'S CERTIFICATION

**CONTINGENT AND LIMITING CONDITIONS:**   The appraiser's certification that appears in the appraisal report is subject to the following conditions:

1.  The appraiser will not be responsible for matters of a legal nature that affect either the property being appraised or the title to it.  The appraiser assumes that the title is good and marketable and, therefore, will not render any opinions about the title.  The property is appraised on the basis of it being under responsible ownership.

2.  The appraiser has provided a sketch in the appraisal report to show approximate dimensions of the improvements and the sketch is included only to assist the reader of the report in visualizing the property and understanding the appraiser's determination of its size.

3.  The appraiser has examined the available flood maps that are provided by the Federal Emergency Management Agency (or other data sources) and has noted in the appraisal report whether the subject site is located in an identified Special Flood Hazard Area.  Because the appraiser is not a surveyor, he or she makes no guarantees, express or implied, regarding this determination.

4.  The appraiser will not give testimony or appear in court because he or she made an appraisal of the property in question, unless specific arrangements to do so have been made beforehand.

5.  The appraiser has estimated the value of the land in the cost approach at its highest and best use and the improvements at their contributory value.  These separate valuations of the land and improvements must not be used in conjunction with any other appraisal and are invalid if they are so used.

6.  The appraiser has noted in the appraisal report any adverse conditions (such as, needed repairs, depreciation, the presence of hazardous wastes, toxic substances, etc. ) observed during the inspection of the subject property or that he or she became aware of during the normal research involved in performing the appraisal.  Unless otherwise stated in the appraisal report, the appraiser has no knowledge of any hidden or unapparent conditions of the property or adverse environmental conditions (including the presence of hazardous wastes, toxic substances, etc. ) that would make the property more or less valuable, and has assumed that there are no such conditions and makes no guarantees or warranties, express or implied, regarding the condition of the property.  The appraiser will not be responsible for any such conditions that do exist or for any engineering or testing that might be required to discover whether such conditions exist.  Because the appraiser is not an expert in the field of environmental hazards, the appraisal report must not be considered as an environmental assessment of the property.

7.  The appraiser obtained the information, estimates, and opinions that were expressed in the appraisal report from sources that he or she considers to be reliable and believes them to be true and correct.  The appraiser does not assume responsibility for the accuracy of such items that were furnished by other parties.

8.  The appraiser will not disclose the contents of the appraisal report except as provided for in the Uniform Standards of Professional Appraisal Practice.

9.  The appraiser has based his or her appraisal report and valuation conclusion for an appraisal that is subject to satisfactory completion, repairs, or alterations on the assumption that completion of the improvements will be performed in a workmanlike manner.

10.  The appraiser must provide his or her prior written consent before the lender/client specified in the appraisal report can distribute the appraisal report (including conclusions about the property value, the appraiser's identity and professional designations, and references to any professional appraisal organizations or the firm with which the appraiser is associated ) to anyone other than the borrower; the mortgagee or its successors and assigns; the mortgage insurer; consultants; professional appraisal organizations; any state or federally approved financial institution; or any department, agency, or instrumentality of the United States or any state or the District of Columbia; except that the lender/client may distribute the property description section of the report only to data collection or reporting service(s) without having to obtain the appraiser's prior written consent.  The appraiser's written consent and approval must also be obtained before the appraisal can be conveyed by anyone to the public through advertising, public relations, news, sales, or other media.

File No.  03-9415

**APPRAISERS CERTIFICATION:**    The Appraiser certifies and agrees that:

1. I have researched the subject market area and have selected a minimum of three recent sales of properties most similar and proximate to the subject property for consideration in the sales comparison analysis and have made a dollar adjustment when appropriate to reflect the market reaction to those items of significant variation.  If a significant item in a comparable property is superior to , or more favorable than, the subject property, I have made a negative adjustment to reduce the adjusted sales price of the comparable and, if a significant item in a comparable property is inferior to, or less favorable than the subject property, I have made a positive adjustment to increase the adjusted sales price of the comparable.

2. I have taken into consideration the factors that have an impact on value in my development of the estimate of market value in the appraisal report.  I have not knowingly withheld any significant information from the appraisal report and I believe, to the best of my knowledge, that all statements and information in the appraisal report are true and correct.

3. I stated in the appraisal report only my own personal, unbiased, and professional analysis, opinions, and conclusions, which are subject only to the contingent and limiting conditions specified in this form.

4. I have no present or prospective interest in the property that is the subject to this report, and I have no present or prospective personal interest or bias with respect to the participants in the transaction.  I did not base, either partially or completely, my analysis and/or the estimate of market value in the appraisal report  on the race, color, religion, sex, handicap, familial status, or national origin of either the prospective owners or occupants of the subject property or of the present owners or occupants of the properties in the vicinity of the subject property.

5. I have no present or contemplated future interest in the subject property, and neither my current or future employment nor my compensation for performing this appraisal is contingent on the appraised value of the property.

6. I was not required to report a predetermined value or direction in value that favors the cause of the client or any related party, the amount of the value estimate, the attainment of a specific result, or the occurrence of a subsequent event in order to receive my compensation and/or employment for performing the appraisal.  I did not base the appraisal report on a requested minimum valuation, a specific valuation, or the need to approve a specific mortgage loan.

7. I performed this appraisal in conformity with the Uniform Standards of Professional Appraisal Practice that were adopted and promulgated by the Appraisal Standards Board of The Appraisal Foundation and that were in place as of the effective date of this appraisal, with the exception of the departure provision of those Standards, which does not apply.  I acknowledge that an estimate of a reasonable time for exposure in the open market is a condition in the definition of market value and the estimate I developed is consistent with the marketing time noted in the neighborhood section of this report, unless I have otherwise stated in the reconciliation section.

8. I have personally inspected the interior and exterior areas of the subject property and the exterior of all properties listed as comparables in the appraisal report.  I further certify that I have noted any apparent or known adverse conditions in the subject improvements, on the subject site, or on any site within the immediate vicinity of the subject property of which I am aware and have made adjustments for these adverse conditions in my analysis of the property value to the extent that I had market evidence to support them.  I have also commented about the effect of the adverse conditions on the marketability of the subject property.

9. I personally prepared all conclusions and opinions about the real estate that were set forth in the appraisal report.  If I relied on significant professional assistance from any individual or individuals in the performance of the appraisal or the preparation of the appraisal report, I have named such individual(s) and disclosed the specific tasks performed by them in the reconciliation section of this appraisal report.  I certify that any individual so named is qualified to perform the tasks.  I have not authorized anyone to make a change to any item in the report; therefore, if an unauthorized change is made to the appraisal report, I will take no responsibility for it.

**SUPERVISORY APPRAISER'S CERTIFICATION:**    If a supervisory appraiser signed the appraisal report, he or she certifies and agrees that: I directly supervise the appraiser who prepared the appraisal report, have reviewed the appraisal report, agree with the statements and conclusions of the appraiser, agree to be bound by the appraiser's certifications numbered 4 through 7 above, and am taking full responsibility for the appraisal and the appraisal report.

**ADDRESS OF PROPERTY APPRAISED:**    Unit 94 Westside Drive, Thompson, CT  06277

| APPRAISER: | SUPERVISORY APPRAISER (only if required) |
|---|---|
| Signature: _Valerie Sandberg_ | Signature: _____ |
| Name: Valerie Sandberg | Name: _____ |
| Date Signed: 8/12/03 | Date Signed: _____ |
| State Certification #: RCG-769 | State Certification #: _____ |
| or State License #: _____ | or State License #: _____ |
| State: CT | State: _____ |
| Expiration Date of Certification or License: _____ | Expiration Date of Certification or License: _____ |

☐ Did    ☐ Did Not Inspect Property

RCG-769

LEGAL

| | |
|---|---|
| Borrower: Cynthia Trayne | |
| Property Address: Unit 94 Westside Drive | File No.: 03-9415 |
| City: Thompson | Case No.: |
| Lender: Attorney Christopher Winans | State: CT    Zip: 06277 |

1716                    VOL 323 PAGE 125

### WARRANTY DEED

TO ALL PERSONS TO WHOM THESE PRESENTS SHALL COME, GREETING:

KNOW YE, THAT DUNN-ROCHELEAU, a Connecticut general partnership with a place of business at 8 Schoolhouse Road, Lisbon, Connecticut ("Grantor") for the consideration of Seventy-four Thousand Nine Hundred and 00/100 Dollars ($74,900.00) received to its full satisfaction of CYNTHIA TRAYNER of Putnam, Connecticut ("Grantee"), does give, grant, bargain, sell and confirm unto the said Grantee, and unto her heirs and assigns forever, the following described Unit with the appurtenances thereto located in the Town of Thompson, County of Windham and State of Connecticut, known as Unit No. 94, of Thompson Hills West Condominium, together with its interest in the Common Elements appurtenant thereto, said Unit and Common Elements being more specifically designated and described in the original Declaration entitled "Declaration, Thompson Hills West Condominium, An Expandable Condominium" by THOMPSON HILLS WEST LIMITED PARTNERSHIP, recorded on June 26, 1988, in Volume 225 at Page 141 of the Thompson Land Records, as amended, said conveyance is subject to the encumbrances as of record appear and as described in said Declaration.

The Grantee, by acceptance of this deed and by agreement with the Grantor, hereby expressly assume and agree to be bound by, and to comply with, all of the terms, conditions, agreements, obligations and easements as set forth in said Declaration, the Bylaws, Exhibits and Schedules attached thereto as they may be amended and supple-mented from time to time. In addition, by acceptance of this Deed, the Grantee becomes a member of Thompson Hills West Condominium Association, Inc., a Connecticut nonstock corporation which is the Association of Unit Owners of Thompson Hills West Condominium and, as such a member, accepts all of the rights and obligations imposed on such members.

The above-described Unit is hereby conveyed subject to any and all provisions of any ordinance, municipal regulation or public or private law, to taxes on the List of October 1, 1993 and October 1, 1994 to the Town of Thompson, which taxes the Grantee herein assumes and agrees to pay as part consideration for this deed, and to the above described "Declaration, Thompson Hills West Condominium, An Expandable Condominium", as amended from time to time, and all of the encumbrances and state of facts set forth therein or in the survey and floor plans filed therewith.

TO HAVE AND TO HOLD the above granted and bargained premises, with the appurtenances thereof, unto the said Grantee, her heirs, successors, and assigns forever, to and for her own proper use and behalf. And also, it the said Grantor does for itself, its

$ 82.39  Conveyance Tax received
_____
Town Clerk of Thompson

$741.50  State Conveyance Tax received
_____
Town Clerk of Thompson

JAL CONTINUED

| | |
|---|---|
| Borrower: Cynthia Trayne. | |
| Property Address: Unit 94 Westside Drive | File No.: 03-9415 |
| City: Thompson | Case No.: |
| | State: CT    Zip: 06277 |
| Lender: Attorney Christopher Winans | |

vol 323 pag 126

TO HAVE AND TO HOLD the above granted and bargained premises, with the appurtenances thereof, unto the said Grantee, his/her heirs, successors, and assigns forever, to and for their own proper use and behalf. And also, it the said Grantor does for itself, its successors and assigns, covenant with the said Grantee, his/her successors and assigns, that at and until the ensealing of these presents, it is well seized of the premises, as a good indefeasible estate in Fee Simple, and has good right to bargain and sell the same in manner and form as is above written and that the same is free from all encumbrances whatsoever, except as hereinbefore mentioned.

AND FURTHERMORE, the said Grantor does by these presents bind itself and its successors and assigns forever to Warrant and Defend the above granted and bargained premises to the said Grantee, his/her heirs, successors and assigns, against all claims and demands whatsoever, except as hereinbefore mentioned.

IN WITNESS WHEREOF, DUNN-ROCHELEAU as hereunto caused its name to be set this ___ day of _____, 1994.

Signed and Delivered
in the presence of:                          DUNN-ROCHELEAU

_Dana R. Shaats_                      By: _____
                                          Michael Dunn
_Linda M. Barns_                          General Partner
LINDA M. BARNS                            Duly Authorized

STATE OF CONNECTICUT)
                     ) ss: New London   September 30, 1994
COUNTY OF New London )

Personally appeared, _Michael Dunn_, as general partner of DUNN-ROCHELEAU, a Connecticut general partnership, duly authorized signer and sealer of the foregoing instrument, who acknowledged the same to be his free act and deed as said officer, the free act and deed of said partnership.

_Dana R. Shaats_
Commissioner of Superior Court
Notary Public
My Commission Expires:

Grantee's Address:

11 Industrial Park Road
Putnam, CT 06260
                                          94 OCT 18 PM 4: 02
                                          _____
                                          TOWN CLERK