UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| K.L.C., INC., KEYSTONE LEASING<br>    Plaintiff | :<br>:<br>: CIVIL NO. 303CV1043 SRU |
| vs. | :<br>: |
| CYNTHIA TRAYNER<br>    Defendant | :<br>:<br>: OCTOBER 28, 2003 |

## MEMORANDUM OF LAW IN SUPPORT
## OF MOTION TO SET ASIDE DEFAULT

The named Defendant, Cynthia Trayner, submits this Memorandum of Law in support of her Motion to Set Aside Default, which was entered against her on September 23, 2003.

Without waiving any defenses that may be available to her, the Defendant believes that there is good cause to set aside this default. The Defendant has submitted an affidavit executed by Cynthia Trayner indicating that she was at least confused as to the circumstances attendant to the bringing of this action.

First, the Plaintiff had commenced an action in the Connecticut Superior Court against Cynthia Trayner and others arising out of a commercial transaction in

which Cynthia Trayner was the guarantor of a commercial obligation to an entity known as Trayner Transport. The Plaintiff obtained a judgment on March 31, 2003 in the amount of $101,628.45. See Complaint, Paragraph 6. Thereafter the Superior Court entered an order of payments in the amount of $35.00 per week. See copy of Order of Weekly Payments attached as Exhibit A. The Defendant has been making those payments on a weekly basis. Coincident with the judgment in Superior Court and the entry of the order of payments, the Plaintiff commenced this action in the United States District Court. As indicated in her affidavit, the Defendant did not understand that the Plaintiff could foreclose the judgment lien that the Plaintiff filed against her house while she was making the court ordered payments to the Plaintiff.[1]

---

[1] The Defendant knows of no basis to dispute the jurisdiction of the Court to hear this case, but would note that the Plaintiff first sued the Defendant in State Court, Judicial District of Hartford, then brings this foreclosure in Federal Court. The only reason to do this would be for the convenience of Plaintiff's counsel, since any foreclosure in State Court would need to be brought in the Superior Court in Windham County, the Court in which the real estate is located, and which is located in Putnam, which is not nearly as convenient to counsel as this Court. This may have also lead to the Defendant's confusion.

Second, the Defendant consulted with counsel, did not retain counsel for this case, but did enter a pro se appearance. She was unaware of the need to file an answer to the complaint.

Third, and possibly the most significant is that the Defendant believes that there is no equity in the property that the Plaintiff seeks to foreclose. The Plaintiff's own appraisal demonstrates a value of $155,000. See copy of appraisal attached as Exhibit B, provided to counsel together with Plaintiff's Motion for Judgment. The encumbrances on the property, as alleged in the complaint are:

a) WPCA lien of $125.00.

b) First mortgage to Homeside Lending, in the original amount of $59,000.00.

c) Judgment Lien in favor of Roncalli Health Care, LLC in the amount of $59,729.00

d) Attachment in favor of HSBC in the amount of $85,000.00.

The total debt as stated in the Complaint is $203,854, which is prior in right to Plaintiff's lien.

This leaves virtually no equity for the Plaintiff, and it is difficult to understand why the Plaintiff would seek to foreclose property in which it will end up taking title

subject to encumbrances which at the very least equal or exceed the value of the property, and which the Plaintiff will have to pay off, or at the very least will get paid before the Plaintiff when the property is sold. Even assuming the first mortgage has been paid down over time, and Defendant represents it is paid down to less than $10,000, the total encumbrances, including post-judgment interest exceed the value of the real estate. This furthered Mrs. Trayner's confusion.

It should be noted that pursuant to Conn. Gen. Stat. §52-356d, the Court is given the power to issue a stay in the foreclosure of the Defendant's property. While the statute provides for this stay in consumer situations, the Defendant believes that this Court has the equitable power to order a stay even in a commercial situation, and the Defendant would like an opportunity to present the Court with a Motion for Stay and permit the Court to make a decision on this issue which is of paramount importance to the Plaintiff, since this action involves her home.

It was not unreasonable under all of the circumstance stated above and as supported by the Affidavit, to be confused by this action, which would constitute excusable neglect sufficient to set aside a default.

Defaults are not favored by the courts, and generally any doubt should be resolved in favor of setting aside a default. Security & Exchange Commission v. Vogel, 49 F.R.D. 297 (S.D.N.Y. 1969). A motion to set aside a default is addressed to the sound discretion of the court. Hensley Equipment Co., Inc. v. Esco Corp., 383 F.2d 252 (5th Cir. 1957), Broder v. Charles Pfizer & Co., 54 F.R.D. 583 (S.D.N.Y. 1971). Generally, the factors to be considered by the court in deciding whether or not to set aside a default are whether the Defendant's actions were wilful, whether there would be any prejudice to the Plaintiff, and whether the Defendant has shown that there is a meritorious defense. Pension Benefits Guarantee Corp. v. Canadian Imperial, 1989 WL50171., citing Securities & Exchange Commission v. Vogel, *supra.* However, the court can also take into the Defendant's explanation, her good faith, the timing of the motion, and the amount of money involved. Gorski v. New Hampshire Department of Corrections, 204 F.R.D. 23 (2000 DC NH).

There are no facts present here which would indicate that the action of the Defendant were wilful. The actions of the Plaintiff in bringing this action were hard on the heals of obtaining a money judgment against the Defendant. The Defendant has promptly after receiving a notice of entry of default taken prompt action to

retain counsel and move to open the default. There is also no showing, nor can there be, that the Plaintiff would be prejudiced in the least by any delay in these proceedings. In fact, if the Defendant is correct, and there is no equity in the premises for the Plaintiff, there is no prejudice to the Plaintiff. This action is to foreclose a judgment lien. There is no claim that the judgment was not validly entered, nor that this court is without jurisdiction. However, the Defendant's home is at risk in this case and the Defendant should be permitted to open this judgment and avail herself of such remedies as may be available to stay these proceedings on an equitable basis as may be permitted by Connecticut statute. The Defendant may also pursue a claim and/or defense that this action has been brought in bad faith, and constitutes an unfair and vexatious use of foreclosure process, and constitutes an abuse of process, where there is no reasonable basis for the Plaintiff to believe that there is an equity in the property to support the Plaintiff's lien. The Plaintiff has, in effect, made use of the legal process to attempt to deprive the Plaintiff of her home to collect a debt which the Plaintiff knows that it cannot collect by the use of this process. The Defendant believes that it should be given an opportunity to make and argue this defense.

For all of the above reasons, the Defendant respectfully requests that the default entered against the Defendant be set aside.

THE DEFENDANT

By _____
Mark E. Block for O'Brien, Shafner,
Stuart, Kelly & Morris, P.C.
ct 06557

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing has been mailed, postage prepaid on this ____ day of October, 2003 to the following:

Christopher G. Winans, Esquire
Sullivan, Biraglia, Winans & Eberhard
24 Shelter Rock Road
P. O. Box 2809
Danbury, CT  06813-2809

By_____
Mark E. Block for O'Brien, Shafner,
Stuart, Kelly & Morris, P.C.
ct 06557

F:\USERS\BEH\Trayner\KeystoneLeasing\Memo Set Aside Default.wpd