FILED

2003 NOV -4 P 12: 17

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

US DISTRICT COURT
BRIDGEPORT CT

------------------------------------------------X

K.L.C., INC., KEYSTONE LEASING
    Plaintiff

- against -

CIVIL NO. 303CV1043 SRU

CYNTHIA TRAYNER
    Defendant

NOVEMBER 3, 2003

------------------------------------------------X

## OJBECTION TO MOTION TO SET ASIDE DEFAULT

The Plaintiff, K.L.C. INC., KEYSTONE LEASING ("Keystone"), objects to the Defendant's October 28, 2003 Motion to Set Aside Default.

### BACKGROUND

This action seeks to foreclose a judgment lien. In October 2002, Keystone sued Trayner Transport, LLC, Cynthia S. Trayner and Richard L. Trayner for breach of a commercial lease. Because of the venue provision in the lease, Keystone had to bring the action in the Hartford Judicial District. Once judgment was obtained, Keystone liened Mrs. Trayner's real property then started this foreclosure.

### THIS ACTION

This action started in June 2003. Throughout it *and* the Hartford action, Mr. Trayner has spoken with Keystone's counsel about settling the case. In addition, Keystone's counsel has been contacted twice (most recently earlier this month) by

the Trayners' putative bankruptcy counsel, Anthony Novak of Wethersfield [1]

## MRS. TRAYNER'S AFFIDAVIT

Mrs. Trayner's affidavit is so flagrantly misleading that it borders on being sanctionable. Particularly offensive in her vernon of reality stated in paragraph 7 she knew she could be defaulted: she was in the Hartford action. In addition, she had an appearance <u>and</u> <u>answer</u> prepared for her by one of her estwhile lawyers. Unfortunately she filed her papers *after* she was defaulted. Somehow this action (which is apparently completely unlike the last one) did not require the hiring of a lawyer. This contention is simply incredible. Mr. Trayner and Mr. Novak have repeatedly called Keystone's counsel to discuss the *exact procedural posture of the case* and settlement. Is Keystone to believe that this happened without Mrs. Trayner's knowledge?

Lastly, the affidavit (at least the one sent to Keystone's counsel) was not signed. As such, it is so much paper.

## GOOD CAUSE

Keystone has been in litigation with the Trayners since October 2002. This action has been pending since June (5 months). There has been more than enough time for Mrs. Trayner to appear pro se, hire counsel or file a Chapter 7 petition.

---

1 Mr. Novak stated in his calls that he would file a Chapter 7 petition when his retainer was paid.

The stay argument promulgated by the Defendant is specious. She acknowledges that this is a commercial debt rendering General Statutes §52-356d ineffective.

Even more ridiculous is the Defendant's belief that the present action should be stayed while she makes $35 weekly payments on a debt of over $101,000. That amounts to a payment plan of $1,820 per year; the interest alone is over $10,000 per year meaning that the debt will grow by $8,180 per year.

Lastly, Keystone is constrained to comment on the shocking new tack that Mrs. Trayner now thinks she is going to take. It appears now she has plenty of funds for counsel (but none to pay the judgment) and an affirmative claim for abuse of process (!). It is simply mind boggling how a person who owes another $100,000+ can so blatantly fabricate "claims" to escape their obligations. Quite simply everything that has been said to Keystone is apparently a lie.

CONCLUSION

The Motion to Set Aside Default is another dodge by Mrs. Trayner to avoid liability for her debts. She knew about the action, attempted to appear in it, attempted to answer it, had her husband and bankruptcy lawyers negotiate on her behalf. Now, as D-Day approaches, she has "found" the funds for counsel and even a facially specious "defense". It is time for judgment to enter in this case and for Mr. Trayner to accept the consequences brought upon by her own action.

The default should be set aside.

THE PLAINTIFF,

By _____
Christopher G. Winans, Esquire
P.O. Box 2809
Danbury, CT 06813-2809
(203) 748-4888
Federal Bar No. ct02254

**CERTIFICATION**

I certify that a copy of the above was mailed November 3, 2003, to all counsel and pro se parties of record:

Cynthia Trayner
13 Westside Drive, Unit #94
North Grosvenordale, CT 06255

Mark E. Block, Esquire
O'Brien, Shafner, Stuart, Kelly & Morris, P.C.
138 Main Street
P.O. Box 310
Norwich, CT 06360

By _____
Christopher G. Winans