FILED

2004 JAN 20  P 12: 30

US

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| K.L.C., INC., KEYSTONE LEASING<br>    Plaintiff | : <br> : <br> :   CIVIL NO. 3:03CV1043 (SRU) |
| vs. | : <br> : |
| CYNTHIA TRAYNER<br>    Defendant | : <br> : <br> :   JANUARY 15, 2004 |

### DEFENDANT'S PROPOSED ORDERS

At the hearing held on that above matter on December 17, 2003, the Court indicated that if the parties were unable to arrive at orders of foreclosure in the matter, that each party should submit a proposed order. The parties have been unable to reach agreement on proposed orders in this case, and the Defendant proposes the following:

    1.    That any Judgment of Strict Foreclosure have a Law Date no earlier than September 1, 2004 for the Defendant and subsequent days for encumbrancers in the inverse order of their priority.

2.     That any such Judgment of Strict Foreclosure be subject to the Defendant's Homestead Exemption under §52-352b(t) of the Connecticut General Statutes such that any Certificate of Foreclosure filed by the Plaintiff reflect that the Plaintiff's title is subject to payment of $75,000 prior to payment of any monies to the Plaintiff on the sale of the subject premises.

Notwithstanding the Defendant submitting these proposed orders, the Defendant reaffirms its objection to judgment entering in this case where there is clearly no equity for the Plaintiff to realize from its foreclosure of this property. As the Court is aware, the property being foreclosed is a condominium unit owned by the Defendant and occupied by her as her residence. The Plaintiff conceded that there is no equity at the hearing on this matter, and also conceded that this matter was brought because the Plaintiff believed that the Defendant's husband had assets which could be used to satisfy this debt and that bringing an action to foreclose this mortgage would exert pressure on the Defendant and/or her husband to pay this obligation. The Plaintiff conceded that the Defendant has been making the court ordered periodic payments, although the amount of those payments may be insufficient to pay the interest accruing on the judgment.

Finally, as the Defendant argued at the hearing, permitting the Plaintiff to foreclose its judgment lien flies in the face of the intention of homestead statute to preserve an individual's residence. What the Court is doing by permitting this Plaintiff to foreclose and take title to property with no equity in it is permitting a creditor to dispossess a debtor from her residence in a situation in which there is no apparent benefit to the creditor. There has been no evidence presented to this Court which refutes the Defendant's claim of a lack of equity for this Plaintiff.

This Court has the discretion as a court of equity to stay this matter under all of the equities as presented by the Defendant, and also as a matter of law on the basis of a foreclosure being prejudicing the Defendant's homestead exemption under §52-352b(t).

THE DEFENDANT

By_____

Mark E. Block for O'Brien, Shafner, Stuart, Kelly & Morris, P.C.

ct 06557

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing has been mailed, postage prepaid on this ___15th___ day of January 2004 to all counsel and pro se parties:

Christopher G. Winans, Esquire
Burrell & Winans
100 Mill Plain Road, 4th Floor
P. O. Box 2809
Danbury, CT 06813-2809


By_____
Mark B. Block for O'Brien, Shafner,
Stuart, Kelly & Morris, P.C.
ct 06557