FILED

2004 MAR 25 P 1:57

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------------X

K.L.C., INC., KEYSTONE LEASING
    Plaintiff

- against -                                                            CIVIL NO. 303CV1043 SRU

CYNTHIA TRAYNER
    Defendant

                                                                   MARCH 19, 2004

-------------------------------------------------------------X

## OBJECTION TO MOTION FOR STAY AND REPLY TO DEFENDANT'S OBJECTION TO MOTION TO WAIVE BOND REQUIREMENTS

The Plaintiff, K.L.C., INC., KEYSTONE LEASING, previously moved that the Defendant post a bond pending appeal under F.R.A.P. 7. On March 17, 2004, the Defendant moved to waive the bond requirements and for a stay pending appeal. Both requests are objectionable to the Plaintiff.

### BOND

F.R.A.P. 7 allows the district court to order an appealing party to post a bond as security for costs. Ms. Trayner asserts in her request to waive that bond since the Plaintiff has no equity in the property being foreclosed, she should not have to post a bond (See par. 8 of *App. for Stay*). Ms. Trayner ignores the purpose of the bond: it is

to secure appellate costs and has nothing to do with the substance of the judgment being appealed. The only justification for a waiver would be the demonstrated solvency of the appealing party, i.e. there is no question they could pay the costs. This is plainly not the case here. See, e.g. Dillon v. Chicago, 866 F.2d 902, 904-05 (7th Cir. 1988).

## STAY

F.R.A.P. 8(a)(1)(A) requires that the appellant to move for stay (at least initially) in the district court. Ms. Trayner relies on F.R.C.P. 62 (apparently subsection (f)) as authority for a stay. That section provides:

> "In any state in which a judgment is a lien upon the property of the judgment debtor and in which the judgment debtor is entitled to a stay of execution, a judgment debtor is entitled, in the district court held therein, to such stay as would be accorded the judgment debtor had the action been maintained in the courts of that state."

Ms. Trayner is appealing from a judgment of strict foreclosure. Her property was "liened" long ago. The judgment of strict foreclosure is not a "lien upon the property of the judgment debtor" but rather an order setting a redemption date. This section of F.R.C.P. 62 simply does not apply.

The appropriate section for Ms. Trayner to invoke to see a stay is F.R.C.P. 62(d). That section requires her to post a supersedas bond. Once the bond is approved by the court, the stay is effective. F.R.C.P. 62(d). No supersedes bond has been posted

by the Defendant.

K.L.C., Inc. has no objection to an appellate stay under the Rule 62(d) supersedes bond procedures. It objects, however, to Mrs. Trayner attempting to utilize a rule that is not applicable to the factual situation at bar.

THE PLAINTIFF

By _____
Christopher G. Winans, Esquire
P.O. Box 2809
Danbury, CT 06813-2809
Tel: 203.748.4888
Juris No. 306545

## CERTIFICATION

I certify that a copy of the above was mailed March 19, 2004, to all counsel and pro se parties of record:

Cynthia Trayner
13 Westside Drive, Unit #94
North Grosvenordale, CT 06255

Lloyd L. Langhammer, Esquire
Mark E. Block, Esquire
O'Brien, Shafner, Stuart, Kelly & Morris, P.C.
138 Main Street
P.O. Box 310
Norwich, CT 06360

By _____
Christopher G. Winans