UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| K.L.C., INC., KEYSTONE LEASING : | |
|     Plaintiff : | |
| : | CIVIL NO. 3:03CV1043 (SRU) |
| vs. : | |
| : | |
| CYNTHIA TRAYNER : | |
|     Defendant : | |
| : | JUNE 17, 2004 |

**OBJECTION TO MOTION FOR ENTRY**
**OF JUDGMENT OF STRICT FORECLOSURE**

The Defendant, Cynthia Trayner files a limited objection to the Plaintiff's Motion for Entry of Judgment of Strict Foreclosure and seeks clarification of the Court's earlier ruling. In support of said objection the Defendant Cynthia Trayner represents as follows:

1. The Court previously entered an *order* granting the Plaintiff's Motion for Judgment on February 4, 2004. At that time the Court also set law days.

2. Connecticut foreclosure law does not contain a distinction between the entrance of a *judgment* of strict foreclosure versus the Court entering an *order* for a judgment of strict foreclosure. Both actions in Superior Court happen simultaneously.

3. The Defendant duly appealed.

4. The Defendant also requested that the Court stay the running of the Law Days. The Court granted the Defendant's request.

5. At the time of the Preargument Conference on the above-referenced matter it was brought to the parties attention that federal procedural law contained a distinction between a judgment of strict foreclosure and an order granting the plaintiff's motion for judgment. As a result of the Preargument Conference, the Plaintiff filed its motion dated June 7, 2004 for Entry of Judgment of Strict Foreclosure.

6. Inasmuch as the Defendant has already taken an appeal the issue becomes whether or not the Defendant's existing appeal may become moot and/or requiring the taking of a second appeal. It would not be in the interest of judicial economy that the defendant be forced to incur the additional expense to bring another appeal and to again request a stay of the Law Days, etc.

7. The Defendant requests that to the extent the Court needs to enter a *judgment* of strict foreclosure, that said order be *nuc pro tunc* to the date of the original order.

8. Alternatively, the Defendant requests any other such order so as to obviate the need to bring a second appeal and to further encumber the court system with additional and unnecessary pleadings.

THE DEFENDANT

By_____
Lloyd L. Langhammer for O'Brien, Shafner,
Stuart, Kelly & Morris, P.C.
138 Main Street
Post Office Box 310
Norwich, CT 06360
ct 01508

**CERTIFICATION OF SERVICE**

  I hereby certify that a copy of the foregoing has been mailed, postage prepaid on this 17th day of June 2004 to the following:

Christopher G. Winans, Esquire
Sullivan, Biraglia, Winans & Eberhard
24 Shelter Rock Road
P. O. Box 2809
Danbury, CT  06813-2809

            By_____
              Lloyd L. Langhammer for O'Brien, Shafner,
              Stuart, Kelly & Morris, P.C.
              ct 01508